**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50192 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00761-GAF-1 |
| v. | |
| ALFREDO VILLEGAS ALVAREZ, AKA Alfredo Villegas, AKA Alfredo Villegas-Alvarez, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Argued and Submitted May 16, 2014
Pasadena, California

Before: PREGERSON and NGUYEN, Circuit Judges, and TIGAR, District Judge.[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Jon S. Tigar, District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

Alfredo Villegas Alvarez ("Villegas") appeals from his conviction following a jury trial on one count of being an illegal alien found in the United States following deportation, in violation of 8 U.S.C. § 1326(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Villegas argues that the district court erred in admitting an alleged Mexican birth certificate found in his certified A-file because the document is hearsay and lacks sufficient authenticity under Rule 901 of the Federal Rules of Evidence. We need not address Villegas's argument because, even assuming the district court erred in admitting the document, any such error was harmless in light of the overwhelming evidence that Villegas is a native and citizen of Mexico. *United States v. Liera*, 585 F.3d 1237, 1244 (9th Cir. 2009) ("An error is harmless if it is more probable than not that the error did not materially affect the verdict." (internal quotation marks omitted)).

In addition to the disputed Mexican birth certificate, the government introduced the following: Villegas's admission during his 1997 deportation proceedings and in statements made to immigration officers that he was a native and citizen of Mexico; the multiple warrants of removals and deportation verification that indicated that Mexico was the country to which he should be removed; his statement during his most recent arrest in June 2012 that he was a

2

citizen and national of Mexico; and his testimony at trial, on both direct and cross-examination, that he had previously told authorities on prior occasions that he was born in Mexico, and that he would not have signed a sworn statement to that effect if that had not been true. *See United States v. Ramirez-Cortez*, 213 F.3d 1149, 1158 (9th Cir. 2000) (recognizing that neither a deportation order nor the defendant's own admissions, standing alone, would support the conclusion that the defendant was an alien, but concluding that a rational trier of fact could find "beyond a reasonable doubt" that the defendant was an alien based on his prior deportation order, admissions he made in his underlying deportation proceeding, and an INS agent's testimony that his review of the defendant's immigration records reflected that the defendant was an alien).

2. The district court did not abuse its discretion in excluding the testimony and birth certificates of defense counsel's brother-in-law under Rule 401 of the Federal Rules of Evidence. The ability of a third-party to obtain a fake birth certificate in Mexico was not relevant to the issue of whether Villegas's own Mexican birth certificate was authentic. And, any relationship between Villegas's birth certificate and a third-party's ability to obtain a fake birth certificate in Mexico was purely speculative. Further, in order for these birth certificates to have some relevance, defense counsel's brother-in-law would have had to testify to the

3

hearsay statements of his father. Villegas does not offer any applicable exception to the hearsay rule, and we see none. Even if Villegas's proffered evidence had some relevance, it nevertheless may be properly excluded under Rule 403 of the Federal Rules of Evidence, because admission of a third-party birth certificate would have confused the jury and created a mini-trial. Moreover, even if the district court erred in failing to admit the proffered birth certificates, any such error was harmless in light of the overwhelming evidence of Villegas's alienage discussed above.

3. Villegas contends that the district court committed constitutional error by excluding the birth certificates of defense counsel's brother-in-law because the ruling deprived him of an opportunity to present a complete defense. We disagree. Not only were the documents inadmissible, Villegas in fact had an opportunity to present a complete defense—he extensively cross-examined Officer Oki regarding the authenticity and accuracy of the disputed birth certificate, and he testified on his own behalf regarding his alienage.

**AFFIRMED.**